## STATE v. MARCELIN BOUDREAUX.

The 11th section of the Act of the Legislature of 1855, which provides that whenever the District Attorney shall not attend, the Judge shall have power to appoint an attorney to prosecute on behalf of the State, (pro tempore,) is not a violation of Article 83 of the Constitution of 1852, which requires that the District Attorneys shall be elected by the people.

Objections to an indictment for formal defects, apparent on the face of it, must be taken by demurrer, or motion to quash the indictment before the jury are sworn, and cannot be made afterwards.

APPEAL from the District Court of the Parish of Terrebonne, *Roman*, J. *E. Maurin*, District Attorney, for the State. *Aycock & Wood*, for defendant and apppellant.

COLE, J. The defendant, having been found guilty of an assault and battery and sentenced, has appealed.

1. He alleges that the prosecution was conducted not by the District Attorney, but by a special attorney appointed by the court to supply the absence of the legally elected and qualified functionary, and that this is a violation of Article 83 of the Constitution of 1852, which requires that the District Attorneys should be elected by the qualified voters of each district. A bill of exceptions was taken to the ruling of the Judge in the appointment of a special attorney.

The eleventh section of the Act of 1855, relative to District Attorneys, provides that, whenever the District Attorney shall not attend, the Judge shall have power to appoint an attorney to prosecute on behalf of the State, (*pro tempore.*) Sess. Acts 1855, p. 369.

The seventy-fourth Article of the Constitution provides that the duties of the District Attorneys shall be determined by law.

The Constitution of 1852 does not prohibit the Legislature to confide to other persons besides District Attorneys, in case of their absence, or inability to act, the duties of the latter as provided by law. *State* v. *Bass*, 12 A. 862.

The District Judge did not, therefore, err in overruling the objection to the appointment of *F. S. Goode, Esq.*, as District Attorney *pro tem.*

2. An arrest of judgment was moved, on the ground that the indictment does not set forth any violation of the statute or statutes of the State of Louisiana.

The indictment concludes as follows :

" Contrary to the form of the State of Louisiana, in such case made and provided, and against the peace and dignity of the same."

The court did not err in overruling this motion. The 18th section of the Act of 1855, to regulate the mode of procedure in criminal prosecutions, provides " that every objection to any indictment for any formal defect, apparent on the face thereof, shall be taken by demurrer or motion to quash such indictment, before the jury shall be sworn, and not afterwards." Sess. Acts 1855, p. 175.

Judgment affirmed, with costs.